# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LILLIE C. BURROUGHS,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| **v.** ] | |
| ] | |
| **BRUISTER & ASSOC., INC, et. al.,** ] | **CV-09-BE-850-S** |
| ] | |
|     **Defendants.** ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant Mary Hill's Motion for Summary Judgment" (doc. 126); "Defendant Bruister & Associates, Inc.'s Motion for Summary Judgment" (doc. 127); "Defendant DIRECTV, Inc.'s Motion for Summary Judgment" (doc. 128); and "Defendants Bruister & Associates, Inc. and Mary Hill's Motion to Strike the Declaration of Wanda D. Whatley" (doc. 155).  The court held a hearing on these motions on March 1, 2011. For the reasons stated on the Record at the hearing and summarized in this opinion, the court finds that all three motions for summary judgment are due to be GRANTED and that the motion to strike is due to be DENIED.

### I.  Motion to Strike

Although the court acknowledges that many of Defendants' objections to portions of the declaration of Wanda D. Whatley are well taken and that certain statements in the declaration would not be admissible as evidence at trial, the court is capable of disregarding the objectionable statements in addressing the motions for summary judgment.  Therefore, the court DENIES the motion.

1

### II. Motions for Summary Judgment

### A.  Count I - Title VII Claims

*1. Claims that are no longer viable*

The court finds that Plaintiff has failed to exhaust her administrative remedies on the following claims asserted in Count I of her Third Amended Complaint but not asserted in her EEOC charges: claims for (a) unlawful harassment asserted against Bruister and DIRECTV; (b) racially hostile work environment asserted against Bruister and DIRECTV; (c) suspension and any unfair discipline *other than termination,* asserted against Bruister and DIRECTV; (d) discriminatory terms and conditions of her employment asserted against Bruister and DIRECTV; and (e) retaliation asserted against Bruister based on pre-termination protected activity and retaliatory termination[1].

The court also finds that the following claims in Count I are time-barred because Plaintiff filed the EEOC charge more than 180 days after the relevant adverse employment action: (a) claims asserted against Bruister and DIRECTV for discriminatory failure to promote Plaintiff to payroll supervisor in March of 2007 but not raised in EEOC charges until 2008; (b) claims asserted against DIRECTV for discriminatory failure to promote to assistant manager in November of 2007, but not raised in an EEOC charge against DIRECTV until July 14, 2008.

---

[1]At the hearing, Plaintiff's counsel did not argue that the EEOC charges against Bruister (dated 1/17/08 and 5/28/08) included a claim for retaliation based on pre-termination protected activity and retaliatory termination.  Rather, he argued that the EEOC charges against Bruister – which did not contain that claim – should be read and construed in conjunction with the charge against DIRECTV, which did contain that claim.  He offered no case law supporting the argument that this court must add into the EEOC charges against one defendant the claims asserted in a separate EEOC charge against a separate defendant. The court rejected this argument.

Further, the court finds that Plaintiff abandoned the claim in Count I asserted against Bruister and DIRECTV for retaliation based on Defendants' post-termination adverse actions. Although Bruister addressed retaliation based on post-termination adverse actions in its brief, Plaintiff did not address this claim in the retaliation section of her responsive brief, and thus, abandoned it. Having abandoned this claim against Bruister in the brief she did timely file, Plaintiff may not logically argue that she did not also abandon this claim against DIRECTV; she failed to file any timely response at all to its motion.  To the extent, if any, that Plaintiff did not abandon this claim against DIRECTV, the court finds that Plaintiff has failed to establish a genuine issue of material fact supporting her allegations that DIRECTV is her employer or that DIRECTV – as opposed to Bruister, or Bruister's employees or agents – committed the alleged post-termination retaliatory adverse employment actions against Plaintiff.

Having determined that these claims are no longer viable because of Plaintiff's failure to to exhaust administrative remedies, time bar, or abandonment, the court finds that summary judgment is due to be granted on them.  After those non-viable claims are culled, the only Title VII claims are: (1) claims against Bruister for discriminatory failure to promote; (2) claims against Bruister and DIRECTV for termination based on race discrimination; and (3) claims against DIRECTV for retaliation based on pre-termination protected conduct and retaliatory termination.

*2. Discriminatory Failure to Promote -  Asserted against Bruister*

The court finds that Defendant articulated a legitimate, non-discriminatory reason for failing to promote Plaintiff to the assistant manager position: Mary Hill was the most qualified candidate because she had, among other things, superior human resource experience.  The court

further finds that Plaintiff has failed to meet her burden of establishing that this reason was a pretext for discrimination, having failed to present evidence that the disparities between Mary Hill and herself were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *See Brooks v. County Comm'n of Jefferson County, Ala.,* 446 F.3d 1160, 1163 (11th Cir. 2006) (approving that statement of a plaintiff's burden when establishing pretext in comparing candidate qualifications). Therefore, summary judgment is due to be granted as to the claim against Bruister for failure to promote plaintiff to the assistant manager position.

       *3. Termination because of Race Discrimination - Asserted against Bruister & DIRECTV*

As to Plaintiff's claim that she was terminated because of her race, the court finds that Plaintiff failed to meet her *prima facie* case, because she did not establish that she was replaced by a person outside her protected class. Alternatively, on this claim asserted against DIRECTV, the court finds that Plaintiff has raised no genuine issue of material fact that DIRECTV was Plaintiff's employer as defined by Title VII or that DIRECTV had anything to do with the specific decision to terminate Plaintiff. As to Bruister, Plaintiff failed to raise a genuine issue of material fact that its legitimate business decision to terminate her because of interference with a sexual harassment investigation was a pretext for discrimination. Therefore, summary judgment is due to be granted in favor of both Bruister and DIRECTV on this claim.

       *4. Retaliation based on Pre-termination Protected Conduct and Retaliatory Termination*
          *- Asserted against DIRECTV*

The court finds that Plaintiff has raised no genuine issue of material fact that DIRECTV was Plaintiff's employer as defined by Title VII *or* that DIRECTV had anything to do with the decision to terminate Plaintiff. Therefore, summary judgment is due to be granted in favor of

DIRECTV on this claim.

In sum, summary judgment is due to be granted in favor of Defendants Bruister and DIRECTV and against Plaintiff as to all claims asserted in Count I.

### B. Count II - Age Discrimination in Violation of the ADEA

The court finds that Plaintiff has abandoned this claim. Although Defendants Bruister and DIRECTV addressed this claim in their initial briefs, Plaintiff failed to address age discrimination in the argument section of her response to Bruister, as her counsel acknowledged at the hearing, and she failed to timely file any responsive brief as to DIRECTV. Alternatively, on this claim asserted against DIRECTV, the court finds that Plaintiff has raised no genuine issue of material fact that DIRECTV was Plaintiff's employer as defined by the ADEA or that DIRECTV had anything to do with the adverse employment decision(s) at issue. Therefore, summary judgment is due to be granted in favor of Bruister and DIRECTV and against Plaintiff as to all claims in Count II.

### C. Count III - ERISA and COBRA Violations

The court finds that Plaintiff has abandoned this claim. Although Defendants Bruister and DIRECTV addressed this claim in their initial briefs, Plaintiff failed to address it in the argument section of her response to Bruister, as her counsel acknowledged at the hearing, and she failed to timely file any responsive brief as to DIRECTV. Alternatively, as to the claim asserted against DIRECTV, the court finds that Plaintiff has failed to raise a genuine issue of material fact that DIRECTV is the plan sponsor or plan administrator of her benefits plan. Therefore, summary judgment is due to be granted in favor of Bruister and DIRECTV and against Plaintiff on all claims in Count III.

### D.  Count IV - Tort of Outrage

The court previously granted Defendants' motion to dismiss this count. (Doc. 73).

### E.  Count V - Negligent and/or Wanton Hiring, Training, Supervision, and Retention under Alabama law Asserted against Bruister and DIRECTV

The court finds that this claim is due to be dismissed, because Plaintiff has failed to establish an element of her *prima facie* case, specifically that the employee committed one or more of the alleged underlying torts (*see* the following discussions of the underlying tort claims alleged in Counts VI - VIII). Therefore, summary judgment is due to be granted in favor of Bruister and DIRECTV and against Plaintiff on all claims in Count V.

### F.  Count VI - Assault & Battery Asserted against Bruister, DIRECTV, and Hill

As to the claims for assault and battery based on Hill's errant spittle while yelling at Plaintiff, the court finds that Plaintiff has failed to establish her *prima facie* case, because she has not presented evidence of intent as required for both assault and battery. Alternatively, as to this claim against DIRECTV, the court finds that Plaintiff has failed to establish a genuine issue of material fact that DIRECTV is liable for Hill's actions. Therefore, summary judgment is due to be granted in favor of Bruister, DIRECTV, and Hill and against Plaintiff as to all claims asserted in Count VI.

### G.  Count VII -Defamation/Slander Asserted against Bruister, DIRECTV, and Hill

As to the claims defamation and slander, the court finds that Plaintiff has failed to establish her *prima facie* case, because she did not plead special economic damages, because the communication was conditionally privileged, and because the alleged words are matters of opinion that do not state or imply verifiable facts or imply the allegation of undisclosed

defamatory facts as the basis of the opinion. Alternatively, as to this claim against DIRECTV, the court finds that Plaintiff has failed to establish a genuine issue of material fact that DIRECTV is liable for Hill's actions. Therefore, summary judgment is due to be granted in favor of Bruister, DIRECTV, and Hill and against Plaintiff as to all claims asserted in Count VII.

### H.  Count VIII - Invasion of Privacy/False Light against Bruister, DIRECTV, and Hill

As to the claim for invasion of privacy/false light, the court finds that Plaintiff has failed to establish her *prima facie* case, because she has failed to establish that the alleged communication was false or that it was made "to the public at large or to *so many persons* that the matter must be regarded *as substantially certain to become one of public knowledge*." *See Regions Bank v. Plott*, 897 So. 2d 239, 244-45 (Ala. 2004) (emphasis in *Plott*) (stating that language as the test for the publicity element of the *prima facie* case). Alternatively, as to this claim against DIRECTV, the court finds that Plaintiff has failed to establish a genuine issue of material fact that DIRECTV is liable for Hill's actions. Therefore, summary judgment is due to be granted in favor of Bruister, DIRECTV, and Hill and against Plaintiff as to all claims asserted in Count VIII.

In sum, summary judgment is due to be granted in favor of all Defendants and against Plaintiff as to all claims in all remaining counts in this action. The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 4th day of March, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE